IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                                     )
                                           )     Chapter 7
BRIAN FRANCIS A'HEARN,                     )
KATHLEEN ANN A'HEARN,                      )     Bankruptcy No. 11-00615
                                           )
        Debtors.                           )

**ORDER RE: TRUSTEE'S OBJECTIONS TO
EXEMPTIONS (Doc. 36 and 55)**

This matter came before the undersigned for hearing on July 26, 2011. Debtors Brian and Kathleen A'Hearn appeared with Attorney Thomas L. Fiegen. Chapter 7 Trustee Renee Hanrahan appeared with Attorney Steven G. Klesner. After the presentation of evidence and argument, the Court took the matter under advisement. The time for filing briefs has now passed and this matter is ready for resolution. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

### STATEMENT OF THE CASE

Trustee objected to Debtors' exemption of wages and income tax refunds to the extent they exceed the $1000 statutory limit. She also asserted the Waldinger Separation Agreement is not "accrued wages" and should not be claimed exempt. Debtors filed amended Schedules B and C to claim garnished wages exempt and to change the statutes under which they claim the Separation Agreement exempt. In the alternative, Debtors assert the payments under the Agreement are from a post-petition personal service contract and are not property of the estate. Trustee filed further objections to Debtors' amended exemptions.

### FINDINGS OF FACT

Debtor filed this Chapter 7 case on March 24, 2011. A week before that date, Debtor Brian A'Hearn ("Debtor") entered into a Confidential Separation Agreement with The Waldinger Corporation ("Waldinger") effective on March 17, 2011. Debtors' Ex. 2. Previously, the same parties entered into an Employment

Agreement on September 15, 2009 wherein Debtor would be employed as a Branch Manager for Waldinger through September 30, 2013.   Debtors' Ex. 1.

In early 2011, however, it became apparent that earnings would not meet projections and the company needed to make drastic changes in overhead.   The parties realized the company was top heavy and Waldinger could not go on with Debtor at the helm.   He was earning $10,500 per month plus $600 per month for car expense at that time.   After discussions and negotiations, the parties agreed to enter into the Confidential Separation Agreement which was drafted by Guy Gast of The Waldinger Corporation.   The Separation Agreement provides for total compensation to Debtor of $125,000 to be paid over 31 months ending in September 2013.   At Debtor's request, the payments in the first six months of the agreement could be increased to $10,500 per month with the remainder of the payments decreased accordingly.

Paragraph 2 of the Agreement provides that Debtor releases Waldinger from any claims based on his employment or termination, including claims "based on tort or contract, statute or common law."   Debtor testified that there was no "cause" for termination, but that Waldinger was just making a good business decision.

In paragraph 5, Debtor agrees to fully cooperate when reasonably requested by Waldinger with respect to any claim which may be brought against it related to Debtor's activities while he was employed with Waldinger.   This paragraph specifically lists three pending claims related to "Old Music," "Equine Center" and suits filed by Local #263 and Local #125.   Debtor testified that the first two were jobs he worked on in which problems arose.   The suits by the Locals are claims for benefits that weren't paid to union employees in which Debtor is also a named defendant.[1]   Debtor testified that he has spent perhaps 20 hours since March on administrative activities for Waldinger, such as redirecting mail or talking to colleagues about some of the design work he did as a mechanical engineer on certain jobs while working for Waldinger or its predecessor.   He has not spent any time on the three pending claims listed in the Agreement.   The paragraph does not provide a penalty for breaching this clause, but Debtor testified he understood payments would be withheld if that happened.

---

1 The Waldinger Corporation purchased assets of the business of A'Hearn Plumbing & Heating, Debtor's family business which had filed for bankruptcy in 2009.   This led to Debtor's employment agreement with Waldinger.   The suits by Locals 263 and 125 are for benefits funds which were allegedly unpaid by A'Hearn Plumbing.

2

The Separation Agreement modifies the non-compete clause of the Employment Agreement. Waldinger loosened the non-compete requirements to allow Debtor to have conversations with some of its clients in search of other employment. The Agreement also reduces the length of the original non-compete clause from three years to two years. Additionally, it contains a confidentiality clause in paragraph 13. Both parties agree to keep the agreement completely confidential. Debtor testified that he viewed the Separation Agreement and the Employment Agreement as two parts of one transaction.

Debtor testified that he considered the agreement would provide income for him while he was unemployed after termination by Waldinger. On March 23, 2011, Debtor entered into an agreement with Michaels Energy and began work for that company in early April 2011. He testified that he was very fortunate as he had no idea how quickly he would get a job after terminating with Waldinger.

At the hearing, counsel for Trustee stated that she had never received an accounting of the payments Debtor has received from Waldinger since his termination. The Court ordered Debtors to provide that information prior to the deadline for Trustee to file a brief. Exhibit 4 attached to Debtors' brief sets out copies of payments Debtor received from Waldinger. It appears he received four checks in the amount of $7,692.80 for the periods ending 3/31, 4/30, 5/31 and 6/30/11 under the Separation Agreement. Waldinger withheld federal and state payroll taxes from Debtor's monthly gross payments of $10,500.

Debtor Kathleen A'Hearn also testified at the hearing. She discussed Debtors' Exhibit 3 which lists the family's expenses for July and anticipated for August 2011. She stated that Debtor took a pay cut of more than $20,000 per year when he started working at Michaels Energy for an annual salary of $100,000. Mrs. A'Hearn testified that Debtor is receiving a little over $4,000 per month under the Separation Agreement with Waldinger. She believes these payments are necessary to support the family. Mrs. A'Hearn explained some of the expenses on Exhibit 3 are payments on a student loan, tuition payments and living expenses for their 23-year old daughter who attends Iowa State University.

The parties presented the testimony of Guy Gast by deposition with the transcript admitted as Debtors' Exhibit 4. He discussed the circumstances leading to the Separation Agreement. From his perspective, the noncompete and nonsolicitation clauses in the Employment Agreement, as modified by the

3

Separation Agreement, were more important than other provisions. The agreement waives mutual claims against each other, but Mr. Gast testified he was not aware of any reason Debtor would have to sue or file claims against Waldinger at the time of the agreement.

The Agreement also requires Debtor's cooperation with ongoing projects and the three listed claims against Waldinger, but Mr. Gast stated the noncompete and nonsolicitation provisions were a "bigger deal." He stated that Debtor was a co-defendant on two of the claims and the remaining claim was close to being resolved. Mr. Gast did not intend the compensation in the Separation Agreement as something in lieu of a pension or a reward for length of service, or to give Debtor something to live on after termination. Rather, it was more to protect Waldinger from competition or solicitation of customers by Debtor after termination of his employment.

## THE ARGUMENTS

Debtors' exemption claims have become a moving target. Debtors' original Schedule C, filed with the petition on March 24, 2011, claims accrued wages, tax refunds and the "Waldinger Separation Agreement" exempt under Iowa Code sec. 627.6(10). Trustee objected to exemption of accrued wages and tax refunds which exceed the statutory limit of that section. Doc. 36. She further objected to the application of that section to any portion of the Separation Agreement.

Debtors then filed an Amended Schedule C, Doc. 43, to claim exemption under sec. 627.6(10) for accrued wages and, for the first time, garnished wages. They also claimed "Employment contract modified by separation" exempt under 15 U.S.C. § 1673 and Iowa Code sec. 627.6(8)(e) or 627.6(16). Then, Debtors filed an Objection, Doc. 49, to Trustee's initial Objection to Claim of Exemptions, with case citations and arguments. Trustee filed an Objection to Amended Claims of Exemption, Doc. 55, after which Debtors filed a Renewed Objection to Trustee's Objection, Doc. 59, incorporating the arguments set out in their prior objection.

After trial, Debtors filed a Brief as requested by the Court. Doc. 66. Debtors' Brief sets out three grounds to support their claim that the payments from the Separation Agreement are exempt. These grounds are similar, if not identical, to some of Debtors' earlier arguments. As the Brief is essentially Debtors' final

4

statement of their arguments, the Court will base its ruling on these three grounds rather than attempt to address all the arguments put forth in previous filings.

The Court must admit to having difficulty following Debtors' numerous arguments. Debtor has added or deleted grounds for exemptions multiple times. More importantly, the various bases for exemption have used citations which are incorrectly cited or simply do not stand for the proposition asserted.

Counsel cites two unpublished cases without disclosing that they had been appealed. See In re Irish, No. 03-02660S, 303 B.R. 380 (Bankr. N.D. Iowa) (Edmonds, J), aff'd, 311 B.R. 63 (B.A.P. 8th Cir. 2004); In re Red Deer, No. 97-01193S (Bankr. N.D. Iowa Jul. 20, 1999) (Edmonds, J.), aff'd, 266 B.R. 772 (B.A.P. 8th Cir. 1999). The Irish bankruptcy court decision is cited for a proposition which the Court explicitly states it need not decide, i.e. the issue of whether 15 U.S.C. § 1673 is available as a federal exemption in bankruptcy proceedings. Irish, 303 B.R. at 381.

In another case, In re Riedemann, Adv. X89-0103S (Bankr. N.D. Iowa Feb. 2, 1990) (Edmonds, J.), the Court distinguishes Debtor's situation in a hypothetical, stating "[h]ad Riedemann quit his job as a policeman prior to the filing of the bankruptcy petition, the trustee would be entitled to his severance pay." Counsel, however, cites the case for the proposition that payments under the Separation Agreement are not property of the bankruptcy estate. See Debtors' Brief at p. 5-6. The Court also finds counsel's discussions of In re Treadway, No. 95-05067 (Bankr. N.D. Iowa Sep. 15, 1995), and In re Red Deer, No. 97-01193 (Bankr. N.D. Iowa July 20, 1999), unhelpful, if not incorrect. These cases do not support Debtors' arguments and are distinguishable on the facts and the law. In general, Debtors are making many arguments based on little or incorrect authority. With this in mind, the Court will address Debtors' arguments as it understands them.

## GARNISHED WAGES

Prior to delineating their three arguments, Debtors state in their Brief that they "accept the Trustee's concession in Paragraph 6 of her renewed objection to Brian A'Hearn's exempt wages that 75% of his garnished wages are exempt pursuant to 15 U.S.C. § 1673." The Court notes that Paragraph 6 of Trustee's Objection to Amended Claims of Exemption (Doc. 55) does not address this issue. Paragraph 5 states: "Trustee does not object to the Debtors' claim of exemption for the accrued

5

wages and garnished wages pursuant to 15 U.S.C. § 1673, up to 75% of the value of those assets."

In her Brief, Trustee asserts § 1673 is not available to Debtors to exempt 75%, or $2,872.70 of the garnished wages. She asserts Debtor received the value of this exemption when his employer withheld only 25% of his net wages in honoring the garnishment. Trustee argues allowing Debtor to use this code section in bankruptcy would allow the Debtor to "double-dip."

In In re Irish, 311 B.R. 63, 67 (B.A.P. 8th Cir. 2004), the court noted that a state may adopt the Federal Consumer Credit Protection Act as a state law exemption. Iowa has done so through Iowa Code sec. 627.6(10) which grants a $1,000 exemption in accrued wages, "in addition to the limitations contained in section 642.21 and 537.5105." Section 642.21 states disposable earnings "are exempt from garnishment to the extent provided by the federal Consumer Credit Protection Act, Tit. III, 15 U.S.C. § 1671 – 1677 (1982)." The court in Irish held that the debtor could exempt accrued wages by utilizing the $1,000 exemption in addition to amounts protected from garnishment in sec. 642.21, which incorporates § 1673. 311 B.R. at 70.

Thus, because of Iowa's "double adoption" of the Consumer Credit Protection Act, debtors in bankruptcy may add the protections of § 1673 to their exemption rights under Iowa Code sec. 627.6(1) regarding accrued wages. See Irish, 311 B.R. at 67 (noting California also had "double adoption" of the Consumer Credit Protection Act). The Court concludes 75% of the garnished wages, or $2,872.70 are exempt under § 1673.

## CONCLUSIONS OF LAW

A trustee or creditor may object to the debtor's claimed exemptions. In re Stenzel, 301 F.3d 945, 947 (8th Cir. 2002). "[T]he objecting party has the burden of proving that the exemptions are not properly claimed." Fed. R. Bankr. P. 4003(c). Debtors argue that the right to payment under the Separation Agreement is not property of the estate. Trustee has the burden of proof by the preponderance of the evidence on this issue. In re Dunn, 436 B.R. 744, 747 (Bankr. M.D. Ga. 2010), citing Schaffer v. Weast, 546 U.S. 49, 56 (2005), and Grogan v. Garner, 498 U.S. 279, 286 (1991); see also In re Bosack, ___ B.R. ___, 2011 WL 3444236, at *4 (Bankr. W.D. Pa. Aug. 8, 2011) (noting that threshold question in considering if

6

commissions partially earned prepetition were exempt is finding they are property of the estate); Evans v. Robbins, 897 F.2d 966, 968 (8th Cir. 1990) (stating, in turnover action, trustee has burden to prove assets are property of the estate).

## EXECUTORY CONTRACTS AND PROPERTY OF THE ESTATE

Debtors' first argument as defined on page 5 of their brief is that the Separation Agreement is "a post-petition personal services contract that is not assumable by the Trustee and is not property of the bankruptcy estate." The Court initially notes that the Separation Agreement was executed prepetition, on March 17, 2011. Debtors filed their Chapter 7 petition on March 24, 2011.

Although not specifically cited by Debtors, the Court considers this issue in light of Bankruptcy Code §§ 365(c)(1) and 541(a)(6). Under § 541(a)(1), all interests of the debtor in existence on the petition date become property of the bankruptcy estate. Thus, Debtor's interests under the Separation Agreement are property of the estate.

If the Separation Agreement is an executory contract, § 365(a) gives Trustee the right to assume or reject it.

> It serves no useful purpose to speak generally about whether "the contract" becomes part of "the estate". The real question is the status of the reciprocal rights and obligations of the contracting parties arising after the petition was filed. As to these, the "assume or reject" dichotomy means simply that if the trustee wishes to obtain for the estate the future benefits of the executory portion of the contract, the trustee must also assume the burdens of that contract, as an expense of bankruptcy administration."

In re Taylor, 913 F.2d 102, 106 -107 (3d Cir. 1990).

Section 365(c)(1), restricts a trustee's ability to assume or assign an executory contract if applicable law excuses the contracting party from accepting performance from an entity other than the debtor. Under state law, "as a general rule an executory contract for personal services is not assignable by either party unless the contract so provides." Orkin Exterminating Co v. Burnett, 146 N.W.2d 320, 327

(Iowa 1966). Thus, bankruptcy courts apply § 365(c)(1) as a bar to trustees assuming a debtor's personal services executory contract, which can only be performed by the debtor. In re Grove Rich Realty Corp., 200 B.R. 502, 510 (Bankr. E.D.N.Y. 1996).

The Eighth Circuit has adopted the Countryman approach to define an executory contract as "a contract under which the obligation of both the [debtor] and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other." In re Craig, 144 F.3d 593, 596 (8th Cir. 1998) (citations omitted). Courts have found that an obligation to comply with a covenant not to compete in an employment termination agreement is not a material obligation and the agreement is therefore not executory under the Countryman definition. In re Schneeweiss, 233 B.R. 28, 32 (Bankr. N.D.N.Y. 1998) (collecting cases); In re Andrews, 80 F.3d 906, 912 n. 14(4th Cir. 1996) ("Significant authority holds that an obligation to refrain from competition does not render a contract executory for the purposes of § 365.")

Courts have also considered § 541(a)(6) when determining whether separation or severance agreements are property of the bankruptcy estate. That section excepts from property of the estate "earnings from services performed by an individual debtor after the commencement of the case." 11 U.S.C. § 541(a)(6). Even assuming an agreement can be characterized as an executory contract, it does not necessarily follow that the contract is one for the performance of postpetition services under § 541(a)(6). Andrews, 80 F.3d at 912 (considering a non-competition agreement); In re LaSpina, 304 B.R. 814, 819 (Bankr. S.D. Ohio 2004) (noting covenants not to solicit employees, to not disparage and to not disclose secrets are not additional services performed postpetition).

Funds are not subject to the postpetition services exception unless they are paid as the result of actual services performed postpetition, or are conditioned upon the performance of continued services postpetition. LaSpina, 304 B.R. at 819. "[N]ot engaging in certain specified activities cannot be considered a 'service performed'" postpetition under § 541(a)(6). In re Jokiel, 447 B.R. 868, 873 (Bankr. N.D. Ill. 2011) (considering severance payments and agreements to not compete and to release claims).

Based upon the foregoing, the Court concludes that the Separation Agreement is not an executory contract and the payments due under the Agreement are property

8

of the estate.   Debtor's agreement to not compete or solicit customers and to waive claims is not executory.   Debtor focuses on paragraph 5 of the agreement requiring him to cooperate with Waldinger to defend current and future claims.   Trustee argues this paragraph is invalid, too vague to be enforceable, and the remainder of the contract is not executory in any way.   The Court agrees with Trustee.

In addition, pursuant to the testimony of Mr. Gast, it does not appear that Waldinger anticipates that a failure of Debtor to cooperate under paragraph 5 would constitute a breach excusing its obligation to continue to make the payments.   To date, Debtor has expended time cooperating with Waldinger only in administrative matters, forwarding mail, etc.   Waldinger has not needed his assistance with the three listed claims.   Debtor is a named defendant regarding two of the claims, and the remaining claim is almost resolved.   Mr. Gast testified that the cooperation clause was an insignificant matter in comparison to the noncompete and nonsolicitation agreements, which multiple courts have found not to be executory.

Based on similar reasoning, the ongoing payments under the contract are not excepted from property of the estate under § 541(a)(6).   No postpetition services are required to be performed by Debtor in order to keep receiving the payments under the Separation Agreement.   Rather, Debtor will merely continue to not compete with Waldinger and not solicit its customers and not make claims against it.   Again, based on Mr. Gast's testimony, Debtor will have little, if any, responsibilities to perform services regarding the three listed claims.

## 75% EXEMPTION UNDER 15 U.S.C. § 1673

Debtors' second argument is that the payments under the Separation Agreement are wages, 75% of which can be claimed exempt under 15 U.S.C. § 1673.   Debtor cites In re Irish, No. 03-02660 (Bankr. N.D. Iowa 12/3/03), for the proposition that "high earning Iowans can avail themselves to 15 U.S.C. § 1673 to exempt up to 75% of their take home wages, in addition to the $1,000 exemption allowed by Iowa Code Section 627.6(10)."   Debtor's Brief at p. 6.

Earlier in this ruling, the Court applied In re Irish, 311 B.R. 63, 67 (B.A.P. 8th Cir. 2004), aff'g, 303 B.R. 380 (Bankr. N.D. Iowa 2003), to allow Debtors to exempt 75% of the garnished wages under § 1673.   This section, however, does not apply to the payments from the Separation Agreement.   Rather, it applies only to "disposable earnings of an individual."   15 U.S.C. § 1673(a).   It is well settled that

9

"disposable earnings" as used in § 1673(a) does not "pertain to every asset that is traceable in some way to such compensation." In re Wallerstedt, 930 F.2d 630, 632 (8th Cir. 1991) (concluding tax refunds are not "earnings"), citing Kokoszka v. Belford, 417 U.S. 642, 651 (1974); In re White, 2011 WL 2604755, at *4 (Bankr. N.D. Iowa June 30, 2011). The Court concludes that, regardless that the Separation Agreement incorporates portions of the Employment agreement, the payments under the Separation Agreement are not "earnings" under 15 U.S.C. § 1673(a).

## SETTLEMENT OF TORT CLAIM AND NECESSARY FOR SUPPORT, IOWA CODE SEC. 627.6(16)

Debtors' third alternative argument is that the payments under the Separation Agreement are in settlement of a potential tort claim and exempt under Iowa Code sec. 627.6(16) as reasonably necessary for the support of Debtors. That section allows a debtor who is an Iowa resident to exempt:

> The debtor's interest in payments reasonably necessary for the support of the debtor or the debtor's dependents to or for the benefit of the debtor or the debtor's dependents, including structured settlements, resulting from personal injury to the debtor or the debtor's dependents or the wrongful death of a decedent upon which the debtor or the debtor's dependents were dependent.

Iowa Code § 627.6(16). Some courts have held that "personal injury" is not limited to bodily injury but can include torts such as employment discrimination and encompass psychological injury as well. In re Brooks, 2010 WL 1734774, at *3 (Bankr. E.D. Va. Apr. 27, 2010); In re Key, 255 B.R. 217, 220 (Bankr. D. Neb. 2000).

Although Debtors' brief states Mr. A'Hearn had a potential tort claim against Waldinger for age discrimination and wrongful termination, the testimony does not support that assertion. Mr. Gast testified that although the Separation Agreement has a clause waiving any potential claims Debtor had against Waldinger, he did not think any claims existed. Debtor did not testify about age discrimination.

Furthermore, the record is devoid of any evidence that the payments under the Separation Agreement are necessary for Debtors' support. Debtors may feel strapped by the reduction in Mr. A'Hearn's salary to $100,000 per year. After

reviewing Debtors' list of monthly expenses, however, the Court concludes that their current income is sufficient to provide them necessary support, without including the monthly payments from the Separation Agreement.

## SUMMARY

In summary, the Court concludes 75% of the garnished wages, or $2,872.70 are exempt under § 1673. Trustee has met her burden to prove payments under the Separation Agreement are property of the estate and are not exempt. The Separation Agreement is not an executory contract. Payments due under the Agreement are property of the bankruptcy estate. Debtors may not claim the payments exempt under § 1673 because they are not earnings. The payments do not result from a personal injury and are not reasonably necessary for the support of Debtors under Iowa Code sec. 627.6(16).

**WHEREFORE**, Trustee's Objections to Exemptions (Doc. 36 and 55) are GRANTED IN PART.

**FURTHER**, Debtor Brian A'Hearn's right to payments under the Confidential Separation Agreement with The Waldinger Corporation are property of the bankruptcy estate and are not exempt.

**FURTHER**, 75% of the garnished wages, or $2,872.70, is exempt.

**FURTHER**, judgment shall enter accordingly.

Dated and Entered:  October 4, 2011

_____
PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE